## No. 13,992.

## W. H. DAVIS vs. HOUSTON AND SHREVEPORT AND HOUSTON, EAST AND WEST TEXAS RAILWAY COMPANIES.

### SYLLABUS.

Where a train upon a railroad has obtained the right of way over the crossing at the intersection of its own road with another, it is negligence on the part of an engineer in charge of an engine upon the other road to risk attempting to make the crossing in front of the approaching train.

APPEAL from the First Judicial District, Parish of Caddo—*Land, J.*

*Thigpen & Foster,* for Plaintiff, Appellee.

*Wise & Herndon,* for Defendants, Appellants.

### STATEMENT OF THE CASE.

The opinion of the court was delivered by

NICHOLLS, C. J. The plaintiff, a fireman in the employ of the Kansas City Southern Railway Company, sued the defendants for fifteen thousand dollars damages for personal injuries which he received in a col-

lision between a passenger train belonging to the Kansas City Southern Railway Company and an engine, with tender attached, belonging to the defendant company. The collision occurred at the crossing of the tracks of the roads, about two miles out of the city of Shreveport. The case was tried by a jury, which returned a verdict of ten thousand dollars for the plaintiff.

The tracks cross each other nearly at right angles. The train was on its way south, while the engine was moving westward. It is claimed on behalf of the plaintiff that the passenger train, at the time of the accident, had the right of way over the crossing; that it had reached the place at which trains going south were in the habit of stopping south and giving signals of their presence and intended crossing; that it stopped and gave the regular signals, and by reason of that fact trains and engines on the other track should, under the rules which govern railroad movements, have waited until after it had made the crossing before moving forward; that instead of doing that the engineer in charge of the single engine, without stopping and without making signals of any kind, negligently and improperly attempted to reach and pass the crossing ahead of the passenger train, and in so doing placed his engine at the crossing directly in the path of the south-bound train. Plaintiff alleged that in and by the collision which followed he had been permanently injured and disabled, and had suffered great pain, as well as pecuniary loss. Actions of this kind usually present a conflict of evidence, but in this particular case it is exceedingly difficult to ascertain what the facts actually were. It is one of those cases in which the verdict of a jury which was familiar with the locality and knew, saw and heard the witnesses is entitled to very great weight.

The jury reached the conclusion that the defendant companies were at fault and the passenger train had the right of way. We think that conclusion is sustained by a preponderance of evidence. We are not in a position to say that the jury and the court erred. A special feature in this case is the fact that north of the defendants' track there were two other tracks running in easternly and westernly directions, and running substantially parallel to it, the track nearest to it north being that of the Texas Pacific Railroad and the further one being the track of the Vicksburg, Shreveport and Texas Railroad Company (not used by the company), which was called at that time a "dead track," from the fact of being seldom used.

These tracks were not very far apart. In view of this fact the situa-

tion was somewhat more complicated as to the particular stopping point where plaintiff's trains should stop and give signals, than it would have been had the defendants' track been the only one to be crossed. The stopping point for the crossing with defendants' track for trains going south would have to be selected with some reference to the track of the Texas and Pacific trains, which should then be just in the rear of the stopping point.

We think the testimony shows that the passenger train either stopped—came to a dead stop or "slowed up"—at or near the point where the trains of the Kansas City Southern Railway Company were in the habit of stopping before attempting to cross the defendants' track, and that there was no good reason why that particular place should not have been selected for that purpose. It was not unreasonably far and the trains from the two tracks could be seen and the whistles heard. If the particular place at which trains could be looked for, seen and heard is fixed and certain, the object of the stopping point is attained. We think the verdict was for too large an amount, and that it should be reduced to seven thousand five hundred dollars.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be and it is hereby reduced to seven thousand five hundred dollars, and, as so amended, judgment is affirmed at appellee's costs.